IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONY DEANGLO JOYCE, #192555, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 2:02cv1321-WHA |
| ) | |
| GRANT CULLIVER, et al., ) | |
| ) | |
|     Respondents. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In December 2002, Joyce filed a petition for habeas relief pursuant to 28 U.S.C. § 2254. Habeas relief was denied in 2003. This court concluded that Joyce's petition was not timely filed as required by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1). Joyce's motion for a certificate of appealability was also denied. The Eleventh Circuit concluded that Joyce was not entitled to equitable tolling of AEDPA's one year limitations period. Relying on *Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549 (2010), Joyce seeks relief from the court's judgment under the provisions of FED.R.CIV.P. 60(b). For the reasons which follow, Joyce is not entitled to any relief.

"[A] Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) 'seeks to add a new ground of relief;' or (2) 'attacks the federal court's previous resolution of a claim on the merits.' " *Williams v. Chatman*, 510 F.3d 1290, 1293-94 (11th Cir.2007) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). However, where "a Rule 60(b) motion 'attacks, not the substance of the federal court's resolution of

a claim on the merits, but some defect in the integrity of the federal habeas proceedings,' the motion is not a successive habeas petition." *Id.* at 1294 (quoting *Gonzalez*, 545 U.S. at 532). A "claim" is "an asserted federal basis for relief from a state court's judgment of conviction." *Id.* (citing *Gonzalez*, 545 U.S. at 530). Joyce's Rule 60(b) motion is not a successive petition. He does not add new grounds for relief or attack the court's prior decision on the merits. Rather, he challenges this court's conclusion that he was not entitled to equitable tolling of § 2244(d)(1)'s limitations period. *See Stewart v. Secretary, Florida Dept. of Corrections,* 355 Fed.Appx. 275 (11th Cir. 2009).

In *Holland v. Florida*, *supra*, the Supreme Court criticized the Eleventh Circuit's rule that an attorney's unprofessional conduct even if it is "negligent" or "grossly negligent," cannot "rise to the level of egregious attorney misconduct" that would warrant equitable tolling under § 2244(d)(1). *Id.* at ___, 2554. The Court held that Holland was entitled to equitable tolling due to his counsel's failure to respond to letters from him, to do any necessary research, to communicate with him over a period of years, and ultimately neglect to inform him of a final decision in his case. The court distinguished Holland's case from other, more common cases by stating that "a 'garden variety claim of excusable neglect,' such as simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling ." *Id.* (internal citations omitted). *Holland's* rationale is simply not applicable to Joyce's Rule 60(b) motion.

In originally considering Joyce's petition, the court stated the following:

> The petitioner was convicted of murder by the Circuit Court of Montgomery County on January 23, 1997. By operation of law, the petitioner's conviction became final on February17, 1998 - as this is the date

> on which the certificate of judgment was entered by the Alabama Court of Criminal Appeals. . . . Thus, Joyce's conviction became final on February 17, 1998 and the one-year limitation period contained in section 2244(d)(l)(A) began to run at that time.
>
> 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Joyce's state conviction became final on February 17, 1998. Consequently, he had one year from that date to file a federal habeas corpus petition, unless the court finds that the limitation period was tolled due to a pending state post-conviction application for relief. Pursuant to 28 U.S.C. § 2244(d)(l), the petitioner was required to file his federal habeas petition on or before February 17, 1999. As previously noted, although Joyce filed his state collateral petitions on February 23 and 24, 2000, these petitions had no impact on the limitation period as they were filed after the limitation period had expired . . . . The instant petition was filed on November 20, 2002. Consequently, the court concludes that Joyce failed to file the present federal petition prior to expiration of the one-year period of limitation.

Recommendation of the Magistrate Judge, March 5, 2003, at 5-6.

Joyce contended that the limitations period should have been tolled because appellate counsel failed to timely notify him of the decision of the Alabama Court of Criminal Appeals denying his first appeal as of right. Joyce argued that his appellate counsel was ineffective because he waited until May 13, 1999 to notify him that the Alabama Court of Criminal Appeals affirmed the trial court in January 1998, and he failed to file any further appeals. This is what the court said about that argument.

> Even assuming that the court tolled the limitation period during the time between the Alabama Court of Criminal Appeal's adverse decision and the date Joyce received notice of that decision, his petition is still due to be denied as untimely. The petitioner fails to acknowledge or take into consideration the stop-start provisions of § 2244 (d)(1) which require the court to consider any time during which no state action is pending. Thus, anytime between the final date of conviction and the filing of a Rule 32 petition must be counted as expired time and deducted from the one year

> limitations period. Joyce received notice of the Alabama Court of Criminal Appeals' decision on May 17, 1999. He filed his first Rule32 petitions on February 23,2000. Therefore, 282 days had elapsed between the date Joyce received notice and his filing of his Rule 32 petition. At that juncture, when the statute tolled because of the state collateral review petition, Joyce had 83 days remaining in the applicable period of limitation within which to file his federal habeas petition. The limitations period remained tolled from the date Joyce filed his Rule 32 petition until the Alabama Court of Criminal Appeals entered the certificate of judgment on the denial of the petition on December 10, 2001. At this point, the petitioner had until March 4, 2002, 83 days, in which to file a federal petition. Pursuant to 28 U.S.C. § 2244(d)(l), evan assuming tolling, the petitioner's one year limitations period expired on March 4, 2002, and Joyce was required to file his federal habeas petition on or before that date. The instant habeas petition was filed on November 20, 2002. Under the circumstances outlined herein, Joyce's one-year limitation period expired over eight months prior to the filed his § 2254 petition. Consequently, the court concludes that the one-year period of limitation contained in 28U.S.c. § 2244( d) (1 ) expired prior to Joyce filing his federal habeas petition and, thus, his petition is time-barred and this court may not address the merits.

Recommendation of the Magistrate Judge, March 5, 2003, at 7-8.

In short, in determining whether Joyce's petition was timely filed, the court, instead of applying the rigid standard for tolling criticized in *Holland*, calculated Joyce's time limits based on the date he received notice of the Alabama Court of Criminal Appeals' decision, not the actual date of that decision. Nonetheless, Joyce's petition was untimely then and it is untimely now, even after *Holland*. Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Joyce's FED.R.CIV.P. 60(b) motion be denied. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before February 17, 2011. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous,

conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of February, 2011.

      /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE